UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GINA FELKER and
TODD GRUDZINSKI,

    Plaintiffs

v.

EXETER TOWNSHIP,
JOHN RUANE, *et al.*

    Defendants

CIVIL ACTION NO. 3:16-1907

(JUDGE MANNION)

## MEMORANDUM

### I. BACKGROUND

On January 29, 2018, the court issued a Memorandum and Order, which in pertinent part, denied defendants' motions for summary judgment, (Doc. 22, Doc. 25), as to liability on plaintiffs' procedural due process claims under the 14th Amendment. Plaintiffs, former part-time police officers for the defendant Exeter Township, alleged that they did not receive notice and an opportunity to be heard prior to their lay-offs by the Township and their claims were based, in part, on a contractual right to continued employment and based on pre-termination due process rights provided in the CBA between the police association and the Township. The court also granted plaintiffs' motion for summary judgment, (Doc. 19), as to liability on their stated procedural due process claims. Judgment was also entered in favor of the plaintiffs and against defendants as to liability on the plaintiffs' procedural due process

claims.[1] (Docs. 39 & 40). See also 2018 WL 585606.

On February 6, 2018, defendants filed a motion for reconsideration of the court's stated Memorandum and Order, and a brief in support.[2] (Docs. 42 & 43). After being granted an extension of time, plaintiffs filed their brief in opposition on March 5, 2018. (Doc. 47). Defendants did not file a reply brief and the time within which to do so has expired.

Based on the filings of the parties and the court's review of its January 29, 2018 Memorandum, it will **DENY** defendants' motion.

II. **STANDARD OF REVIEW**

A motion for reconsideration may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if previously discovered, might have affected the court's decision. <u>United States el rel. Schumann v. Astrazeneca Pharmaceuticals, L.P., 769 F.3d 837, 848 (3d Cir. 2014)</u> (citing <u>Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)</u>); <u>Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)</u>. A party seeking reconsideration must demonstrate at least one of the

---

[1]The court scheduled a jury trial for April 30, 2018, to determine the limited issue of plaintiffs' damages for defendants' deprivation of their procedural due process rights. (Doc. 75).

[2]Since the full procedural history of this case as well as the facts were stated in the court's January 29, 2018 Memorandum, they shall not be repeated herein. Nor does the court repeat the names of the parties.

2

following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) (quoting *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Id.* at 361 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). The "motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered." *Frazier v. SCI Med. Dispensary Doctor*

3

+ *2 Staff Members*, No. 1:07-194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) (collecting cases).

### III. DISCUSSION

For the most part, defendants' motion focuses on the court's finding that even though neither plaintiff submitted a schedule with their availability to the Township by August 14, 2016 to work in September 2016, as required by Article XV of the CBA, the "CBA did not state that termination or lay off was the sanction for plaintiffs' non compliance." Rather, the court pointed out that Article XV clearly provided that "[i]f written availability is not received by that date, it will be assumed the officer is unavailable to work during the upcoming month and the shift may be offered to another officer(s)." Defendants again argue that since Article XXV of the CBA defines a part-time police officer as one who was scheduled for duty in accordance with Article XV, and since plaintiffs were not scheduled for duty in September 2016 in accordance with Article XV, they were no longer part time officers with the Township and they were not entitled to the pre-discipline procedural due process rights afforded by the CBA. Thus, defendants maintain that plaintiffs were properly laid-off without receiving any of the due process rights afforded to part-time officers in the CBA. However, under the language of Article XV, it was merely assumed that both plaintiffs would be unavailable to work during September 2016. In fact, the only penalty specified in Article XV for a part-time officer

4

who did not submit availability was that the officer would be "assumed [he/she] is unavailable to work during the upcoming month and the shifts may be offered to another officer(s)."

With respect to defendants' first contention, they are relying upon the third ground to support a motion for reconsideration, namely, "the need to correct clear error of law or prevent manifest injustice." See Lazaridis, 591 at 669). Defendants argue that the failure of Article XV to mention termination as a sanction "can be easily reconciled with Article XXV which defined a part time officer utilizing Article XV" and, that Article XXV "clearly deems a part time officer as one who has complied with Article XV."

In short, the court thoroughly discussed its rationale regarding its above stated conclusions based on Article XV and Article XXV with respect to both plaintiffs in its January 29, 2018 Memorandum, and finds that defendants are impermissible using their instant motion to re-argue their case. See Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) ("The scope of a motion for reconsideration ... is extremely limited" and "[s]uch motions are not to be used as an opportunity to relitigate the case.").

Additionally, defendants state that they "interpret the Court's Memorandum as making [the above] decision, in part, based on alleged acquiescence by Chief Nancy Smith and Felker's testimony that she advised various Supervisors of her summer schedule for 2016", and seemingly also based on Grudzinski's testimony that Smith was aware of his failure to submit

5

his availability for September 2016 and that she had still allowed him to work on his cases with the Township as she did in the past. However, as discussed above, the court based its decision on the Articles of the CBA.

Since defendants only sought the court to reconsider its January 29, 2018 decision on the above stated basis with respect to Felker, their motion will be denied as to this plaintiff. Further, insofar as defendants also rely upon the above argument with respect to Grudzinski, their motion will be denied as to him as well in this regard.

Next, defendants state that with respect to Grudzinski their was a clear error of law by the court regarding their argument that this plaintiff "violated Article XXIV's prohibition on other employment directly impacting shifts with Exeter Township by his own admission." They state that Grudzinski repeatedly admitted in his testimony that his full time position interfered with various scheduled shifts with the Township. As such, they state that the Township had the unilateral right to take action against him under Article XXIV. Defendants state that the court seems not to have addressed this argument in its January 29, 2018 Memorandum.

Initially, the court did indeed address Article XXIV and Grudzinski's testimony that at times he called off scheduled shifts with the Township due to his work requirements at his full-time job with Tobyhanna for training and mandatory overtime. However, the court found no evidence that the Township ever took any unilateral action against Grudzinski solely for calling off shifts

or any evidence that he was ever disciplined by the Township based only on this reason. Further, Article XXIV does not specify what the unilateral action was that the Township could take against an officer and, it did not specify if this Article preempted the pre-disciplinary due process provisions of the CBA, including the requirements of Article XVII and Article XIX. Article XVII of the CBA provides, in relevant part, as follows:

> **Prior to any disciplinary action** being initiated against any member of the Exeter Township Police Department, the Chief of Police and Board of Supervisors' Police Liaison, will conduct a full investigation or inquiry regarding the facts of the case. Once the Chief of Police and Board of Supervisors' Police Liaison, have gathered, reviewed and considered all pertinent information, and determined that disciplinary action is warranted, the employee will be notified of the pending action and afforded the opportunity to respond to any allegations.

(Emphasis added). Article XVII did not exclude unilateral action by the Township which was permitted under Article XXIV.

Moreover, Article XIX, provides, "[a]t any meeting, where practical, between a representative of the Exeter Township Board of Supervisors and any full-time or part-time officer **upon whom any form of discipline is to be voted upon**, the employee shall have the right to be present and/or have a representative present during the meeting." (Emphasis added).

Additionally, defendants voted to lay off both plaintiffs based upon their alleged failure to show up for their schedule of shifts and their alleged failure to submit a schedule with their availability to the Township by August 14, 2016, in order to work in September 2016. They did not vote to lay off

7

Grudzinski based only on Article XXIV. Defendants are ignoring part of the very reason for the Supervisor's decision with respect to Grudzinski's lay off. The minutes from the Board of Supervisors' September 7, 2016 monthly of the meeting indicated:

> Motion by Coolbaugh second by Ruane to **lay off part-time police [officers] who have not shown up for their schedule of shifts [and] haven't turned in their availability to work and who haven't worked in the last two weeks**. Vote: Coolbaugh, Ruane and Kreseski - yes Kile- no.

(Emphasis added).

Moreover, as the court stated in its prior Memorandum, on September 12, 2016, Smith advised Grudzinski in a letter regarding the vote of the Board and stated:

> At the September 7, 2016 Township Meeting, the Exeter Township Supervisors removed you from the Exeter Township Police Dept. roster **for not working as scheduled and not giving your September 2016 availability**. Please return your badge, key and MOPEC card as soon as possible.

(Doc. 27-6) (emphasis added).

There was no mention in the record of laying off Grudzinski or any part-time officer solely for failing to comply with Article XXIV. This court did not overlook any argument based on Article XXIV in ruling on defendants' motion for summary judgment. Therefore, the court's alleged failure to address defendants contention that Grudzinski's lay off, without notice and an opportunity to be heard, was proper based on Article XXIV alone does not constitute a clear error of fact or law and, this contention is no basis for

8

reconsideration.

Finally, as plaintiffs point out, "[the] Court analyzed the key provisions of the CBA related to [their] claim at hand" and, the court cleary stated its reasoning in its 30-page memorandum for finding that defendants violated plaintiffs' pre-disciplinary due process rights to which they were entitled under the CBA based on the reasons defendants stated to support their decision to lay them off.

## IV. CONCLUSION

In light of the above, **IT IS HEREBY ORDERED THAT** defendants' motion for reconsideration, (Doc. 42), is **DENIED**. Plaintiffs will proceed to trial as to only their damages for defendants' deprivation of their procedural due process rights. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 23, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1907-02.wpd